IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| ADAM HYATT | § | |
| v. | § | CIVIL ACTION NO. 5:04cv106 |
| EDWIN SEWELL, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Adam Hyatt, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights.  This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Hyatt complained of the dental care which he has received from TDCJ-CID.  After answering the lawsuit, the Defendants filed a motion for summary judgment on January 12, 2005, asserting that there were no disputed issues of fact and that they were entitled to judgment as a matter of law.  Hyatt filed a response to the motion on January 26, 2005.

The Magistrate Judge reviewed the motion for summary judgment and the competent summary judgment evidence, as well as the response filed by Hyatt.  On May 24, 2005, the Magistrate Judge issued a Report recommending that the motion for summary judgment be granted and that the lawsuit be dismissed with prejudice.  The Magistrate Judge concluded that the material facts in the case were not disputed and that these undisputed facts refuted any claim of deliberate indifference to serious medical needs.  The Magistrate Judge noted that claims of negligence or malpractice alone, or that the medical care was not "the best that money can buy," did not rise to the

level of a constitutional violation. Finally, the Magistrate Judge concluded that the Defendants were entitled to the defense of qualified immunity.

Hyatt filed objections to the Report on June 6, 2005, together with 80 pages of exhibits. In his objections, Hyatt asserts that the Defendants have denied him adequate dental services at a level reasonably commensurate with modern medical science and of a quality acceptable within prudent professional standards. He says that his complaints have often been ignored, that he filed sick call requests which were not answered, and that disputed questions of fact exist. Specifically, he points to a statement from Dr. Sewell dated December 31, 2003, in which the dentist referred to a 35-day requirement for follow-up appointments, and states that patients on an individual treatment plan must be seen every 180 days regardless of priority need. Prior to this time, Hyatt says, the policy was that the dental department had only 30 days in which to schedule follow-up appointments. He asks that the Court allow him to conduct discovery so that he can obtain a copy of this policy. Hyatt also attaches a document which he styles as a "statement of genuine issues of fact," which essentially repeats the chronology set out in his complaint and in his objections.

As the Magistrate Judge correctly concluded, there are no disputed issues of material fact in the case. There is no dispute that Hyatt experienced some delays in his dental care, as the Magistrate Judge acknowledged. Hyatt's chronology and his statement of "genuine issues of fact" serve only to document the undisputed delays which he experienced; he does not identify any disputed issues of material fact, regardless of whether or not facts which are not material may be in question. The policy to which Hyatt refers is not germane to the question of deliberate indifference; this is a constitutional question, not based upon whether or not prison policies are strictly followed. *See* Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996); Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986) (violations of prison policies alone do not show constitutional violations).

The Magistrate Judge correctly applied the law to the undisputed facts in this case. Whether or not Hyatt may have experienced negligence or even malpractice, he did not show that

he had suffered deliberate indifference to his serious medical needs. Stewart v. Murphy, 174 F.3d 530 (5th Cir. 1999). His objections are without merit.

In an amended complaint, Hyatt added the University of Texas Medical Branch as a Defendant in this case. As an agency of the State of Texas, the University of Texas Medical Branch cannot be sued in its own name. The Supreme Court has held that a lawsuit against a state agency is barred by the doctrine of sovereign immunity; in such a case, when the State itself is the real party in interest named as Defendant, the lawsuit is barred regardless of whether it seeks damages or injunctive relief. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 101-02 (1984); *accord*, Hafer v. Melo, 112 S.Ct. 358, 363 (1991).

In Kentucky v. Graham, 473 U.S. 159 (1985), the Supreme Court stated that while local governmental units could be sued in their own name for damages or equitable relief, a State may not be sued directly in its own name regardless of the relief. Kentucky v. Graham, 473 U.S. at 167 n.14; Amendment XI, *United States Constitution*. To the extent that Hyatt names the University of Texas Medical Breanch, this claim was filed directly against the state agency itself. This is the same as a lawsuit against the State in its own name, which is barred by the doctrine of sovereign immunity. *See* Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Delahoussaye v. City of New Iberia, 937 F.2d 144, 146 (5th Cir. 1991). For this reason, Hyatt's claim against the University of Texas Medical Branch is without merit.

The Court has conducted a careful *de novo* review of all of the pleadings in this cause, including the Plaintiff's original and amended complaints, the motion for summary judgment filed by the Defendants, the Plaintiff's response thereto, the competent summary judgment evidence, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all pleadings, filings, and records in the cause. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendants' motion for summary judgment is hereby GRANTED and the above-styled civil action be and hereby is DISMISSED with prejudice. Finally, it is hereby

ORDERED that any and all motions which may be pending in this cause are hereby DENIED.

**SIGNED this 15th day of July, 2005.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE